■ STATE OF NEW YORK, Appellant-Respondent, v ESTATE OF BEN Z. FRANKEL et al., Respondents-Appellants, and MOTEL TWERSKI et al., Respondents. (Action No. 1.) STATE OF NEW YORK, Appellant, v FRANKLIN NURSING HOME et al., Respondents, et al., Defendants. (Action No. 2.)—In actions, inter alia, to recover damages for Medicaid fraud, the plaintiff in each action, the State of New York, appeals (by right and by permission) from two orders (one in each action) of the Supreme Court, Queens County, both dated May 3, 1978, which (1) restricted its recovery, or in the alternative, required it to join the appropriate local social services districts, as plaintiffs or defendants, and (2) directed that it serve amended complaints separately stating and numbering its causes of action against each defendant. Certain defendants in Action No. 1 have cross-appealed from so much of the order entered in that action as permitted plaintiff to join additional parties, and "failing to do so", allowed for a possible partial recovery. Orders reversed, respondents' motions denied and actions remitted to Special Term for further proceedings consistent herewith. Cross appeal dismissed as academic, in the light of the determination on the appeals by the State of New York. The State of New York is awarded separate bills of $50 costs and disbursements payable jointly by respondents appearing separately and filing separate briefs. The first question presented on this appeal is whether the State of New York, as sole plaintiff, can recover Medicaid overpayments without joining the appropriate local social services districts. Special Term held that in order for the State to recover the full amount of any alleged overpayment, the local districts must be joined as parties. The court concluded that such joinder was necessary in order to bar future claims against the defendants. We disagree with Special Term's conclusion for several reasons. Subdivision 2 of section 145-b of the Social Services Law gives "the local social services district or the state" (emphasis supplied) the right to recover treble damages where public funds have been obtained fraudulently. Furthermore, subdivision 1 of section 63-c of the Executive Law permits the State to sue to recover funds "owned * * * by a * * * municipal * * * corporation" which have been "without right obtained" by another. This subdivision further provides that "The attorney-general shall commence an action * * * whenever he deems it for the interests of the state so to do". Subdivision 3 of section 63-c of the Executive Law provides that "Any court [in which such an action is brought] may direct, by the final judgment * * * that any money * * * recovered * * * which, if that action had not been brought, would not have vested in the state, be disposed of, as justice requires, in such a manner as to reinstate the lawful custody thereof". This section not only authorizes the State to sue for funds which rightfully belong to a municipality, but provides for the return to the municipality of any such funds which are recovered. It is also important to note that under the plan approved by the Department of Health, Education and Welfare (H.E.W.), the State is ultimately responsible for guaranteeing that Federal financial assistance under Medicaid is matched with nonfederal funds in an amount equal to not less than 40% of the nonfederal share of expenditures (US Code, tit 42, § 1396a, subd [a], par [2]). Since the State bears this

responsibility, it is a true party in interest. Additionally, on August 3, 1978, H.E.W. announced the certification of the office of the Deputy Attorney-General of the State of New York for Nursing Homes, Health and Social Services as the Medicaid Fraud Control Unit of New York State. The regulations of H.E.W. (42 CFR 450.310 [f] [3]) authorize the State, through its Medicaid Fraud Control Unit, to maintain an action as sole party plaintiff to recover Medicaid overpayments. Therefore, the State may maintain these actions as the sole plaintiff. This is the same conclusion reached by Special Term in two other cases dealing with this question. (See *State of New York v Belt Parkway Nursing Home,* 95 Misc 2d 264; *State of New York v Oxford Nursing Home,* Supreme Ct., Kings County, March 9, 1978, Cooper, J. [Index No. 26555/77].) The second question presented on appeal is whether the complaints are sufficient to satisfy the pleading requirements of CPLR 3013 and 3016 (subd [b]). Special Term found that the complaints contained such an "admixture of allegations and different charges against all defendants * * * that it is difficult to separate the * * * charges against each separately named defendant". We conclude, however, that the complaints meet the requirements of the CPLR. CPLR 3013 states: "Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." CPLR 3016 (subd [b]) provides: "Where a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." The complaints identify each individual party, and his or its role in the respective nursing home. They also allege the defendants' participation in a fraud against the State which resulted in its making unnecessary and extensive Medicaid payments. Since the circumstances of the fraud are "peculiarly within the knowledge" of the defendants, the complaints are sufficient (see *Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194). Cohalan, J. P., Margett, Hawkins and O'Connor, JJ., concur. [94 Misc 2d 105.]